IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. GRANVIL JOHNSON**

**Appeal from the Criminal Court for Davidson County**
**No. 2017-C-1788    Cheryl Blackburn, Judge**

---

**No. M2018-01257-CCA-R3-CD**

---

A Davidson County jury convicted the Defendant, Granvil Johnson, of evading arrest, and the trial court sentenced the Defendant to eleven years in the Tennessee Department of Correction. On appeal, the Defendant contends that the trial court abused its discretion when it sentenced him and that he received the ineffective assistance of counsel at his sentencing hearing. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Timothy Carter, Nashville, Tennessee, for the appellant, Granvil Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glen R. Funk, District Attorney General; and Jordan F. Hoffman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's assaulting the victim, his girlfriend, while inside his vehicle and then preventing the victim and her son from exiting the vehicle. When police attempted to stop the Defendant's vehicle, he refused to comply and drove away before crashing the vehicle. The police later arrested the Defendant inside his home. A Davidson County grand jury indicted the Defendant for especially aggravated kidnapping, aggravated kidnapping, aggravated assault, domestic assault, being a felon in possession of a firearm, evading arrest in a motor vehicle with the risk of injury or death, and leaving the scene of an accident.

## A. Trial

Prior to trial, the following counts were dismissed: especially aggravated kidnapping, aggravated kidnapping, aggravated assault, domestic assault, and leaving the scene of an accident. A transcript of the Defendant's trial is not included in the record, however the pre-sentence report lists the following official version of the evidence:

From [April 12, 2017 at 10:22 p.m.], until [April 13, 2017 at 12:22 a.m.], [the Defendant] kidnapped his ex-girlfriend, Katina Johnson and their son. [The Defendant] picked up Katina and their son on [April 12, 2017] at the McDonald's . . . around 11:00 p.m. [The Defendant] owed Katina $20, so he drove around looking for an ATM to withdraw the money.

Shortly after [the Defendant] picked them up, he asked Katina for her cell phone after he accused her of cheating on him. [The Defendant] proceeded to punch Katina on the back of her head. [The Defendant] then drove to the back of the park located off Old Hickory Blvd. [i]n Madison. When [the Defendant] parked the vehicle, he took Katina's phone and pulled out a gun from the driver's side door. He told Katina he would kill her while the gun was pointed at her head. When Katina attempted to get out of the car, [the Defendant] proceeded to drive away[,] which prevented her from getting out.

When [the Defendant] drove to the area of Gallatin Pk. and Old Hickory Blvd., Katina was able to jump out of the slowly moving vehicle with her son in her arms. Katina was finally able to contact police from the Kroger at 200 Gallatin Pk. S.

While officers were at the scene and speaking with Katina, they observed [the Defendant] drive through the Kroger parking lot. Officers attempted to stop [the Defendant's] vehicle and he refused to stop. Officers did not pursue [the Defendant] in his vehicle in regards of other drivers' safety.

[The Defendant] wrecked his vehicle near his residence at 213 E. Webster St. [The Defendant] ran into his residence after he crashed his car. Officers attempted to make contact with [the Defendant] while he was inside his home and he refused to go outside. SRT Officers were eventually able to gain entry into [the Defendant's] home and apprehended

2

him without further incident.

Based on this evidence, the jury convicted the Defendant of evading arrest; the jury acquitted the Defendant of the remaining charge, being a felon in possession of a weapon.

## B. Sentencing

At the sentencing hearing, the trial court admitted into evidence the pre-sentence report. The Defendant's mother, Rita Johnson, testified that if the Defendant were released he could live with her in Cookeville, Tennessee. Ms. Johnson testified that the Defendant received disability benefits for bipolar disorder and needed medication, with which she could assist him.

The trial court stated that the Defendant was a Range III offender with five prior felony convictions resulting in a sentencing range of eight to twelve years. The trial court considered the purposes and principles of sentencing, as well as the evidence presented at trial and in the pre-sentence report, argument related to alternative sentencing, the nature and characteristics of the offense, and statistical information. Referencing the pre-sentence report, the trial court stated that the "needs assessment" contained in the report was neither valid nor reliable. The trial court applied enhancement factor (1), that the Defendant "has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." T.C.A. § 40-35-114(1) (2014). The trial court applied enhancement factor (8), that the Defendant "failed to comply with the conditions of a sentence involving release into the community," based on evidence that the Defendant had violated a probationary sentence in the past. *Id*. -114(8). The trial court applied factor 13(C), that the Defendant was released on probation at the time the felony was committed. *Id*. -113(13)(C). The trial court determined that no mitigating factors applied and sentenced the Defendant to an eleven-year sentence.

The trial court next considered the possibility of an alternative sentence. Addressing the statutory considerations found at Tennessee Code Annotated section 40-35-103, the trial court stated that the Defendant's history of criminal conduct was "not all that bad." T.C.A. § 40-35-103(1)(A). The trial court stated that the Defendant was on probation at the time of the offense and had been on probation in the past. § 40-35-103(1)(C). These factors, in concert with the circumstances of the instant offense which included the Defendant eluding the police, led to the trial court's decision to deny alternative sentencing and place the Defendant's sentence into effect.

Thereafter, the Defendant filed a motion for a new sentencing hearing, contending,

among other issues, that he should receive a new sentencing hearing in order to present evidence of his mental health issues. The trial court denied the motion, citing its decision at the sentencing hearing as the basis for its reasoning.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court abused its discretion when it sentenced him and that he received the ineffective assistance of counsel at his sentencing hearing.

## A. Sentencing

### i. Enhancement Factors

The Defendant contends that the trial court abused its discretion when it sentenced him by improperly applying two enhancement factors, factors (8) and (13)(C). He states that the presumption of correctness for the trial court's decision is removed here because the trial court failed to consider statistical information contained in the pre-sentence report, specifically the "needs assessment." The State responds that the trial court properly applied the three enhancement factors that were supported by the evidence. We agree with the State.

The Tennessee Criminal Sentencing Reform Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence and the manner of service of that sentence. In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. 380 S.W.3d 682 (Tenn. 2012). The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *Id.* A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

Thus, the reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in

compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant made in the defendant's own behalf about sentencing; and (8) the result of a validated risks and needs assessment. *See* T.C.A. § 40-35-210 (2016); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from a trial court's sentencing decision. *Bise*, 380 S.W.3d at 708. A reviewing court should not invalidate a sentence on this basis unless the trial court wholly departed from the principles of the Sentencing Act. *Id.* at 707. So long as there are other reasons consistent with the purpose and principles of sentencing, a sentence within the appropriate range should be upheld. *Id.*

The trial court applied enhancement factor (1), based on the Defendant's prior convictions, and enhancement factor (8), based on the Defendant's violating a 2002 probationary sentence as listed in the pre-sentence report. The trial court applied factor (13)(C), based on evidence contained in the pre-sentence report that the Defendant was on probation for three other convictions at the time he committed this crime. The evidence supports the trial court's application of these factors. As to the Defendant's contention that the trial court erroneously failed to consider statistics contained in the pre-sentence report's needs assessment, thus removing the presumption of reasonableness, we disagree. The trial court stated that it was considering the needs assessment but that it viewed the assessment as invalid and unreliable. This consideration was within the trial court's discretion and does not remove the presumption of reasonableness. The trial court properly applied a within-range sentence based on the principles and purposes of sentencing. The Defendant is not entitled to relief on this issue.

### ii. Alternative Sentence

The Defendant further contends that the trial court did not appropriately consider the possibility of an alternative sentence. The State responds that the trial court exercised proper discretion when it denied alternative sentencing based on the statutory considerations. We agree with the State.

"[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). We also reiterate that the defendant bears "the burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d at 169. A trial court's decision regarding probation will only be invalidated if the court "wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014). Under an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.* at 475.

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a) (2014).[1] A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he or she is a suitable candidate for probation. T.C.A. § 40-35-303(b) (2014); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App.1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted

---

[1] Although the eleven-year sentence here would normally preclude probation, the trial court considered a sentence to Community Corrections, a consideration which would involve the same or similar factors as those related to a sentence of probation.

probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis considering "the nature of the offense and the totality of the circumstances . . . including a defendant's background." *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). In determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1) (2014). "When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *State v. Brian Allen Cathey*, No. E2015-01284-CCA-R3-CD, 2016 WL 2641766, at *3 (Tenn. Crim. App., at Knoxville, May 6, 2016) (citations omitted). The court should also consider the defendant's truthfulness. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103.

The trial court properly considered the three relevant statutory guidelines in its decision to deny alternative sentencing. It declined to apply factor (A), stating that the Defendant's criminal history was "not bad" but relied heavily on factor (C), and the Defendant's prior opportunities to serve an alternative sentence that were ultimately unsuccessful. The evidence supports the trial court's decision in this regard. The Defendant is not entitled to relief on this issue.

### B. Ineffective Assistance of Counsel

Lastly, the Defendant contends that counsel was ineffective at his sentencing hearing for failing to present evidence of the Defendant's mental health issues. The State responds that the Defendant has not presented any evidence as to how his sentencing

counsel was ineffective or as to how the Defendant was prejudiced by the same and thus has not carried his burden of proof.

We begin by stating that raising a claim of ineffective assistance of counsel on direct appeal is "fraught with peril." *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997) (quoting *State v. Jimmy L. Sluder*, No. C.C.A. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App. Mar. 14, 1990)). A claim of ineffective assistance of counsel is generally a single ground for relief for the purposes of post-conviction review pursuant to the statutory guidelines. *See* T.C.A. § 40-30-106; *Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995). In a post-conviction hearing, due process guarantees a petitioner only "the opportunity to be heard at a meaningful time and in a meaningful manner." *Stokes v. State*, 146 S.W.3d 56, 61 (Tenn. 2004). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." T.C.A. § 40-30-106(h).

Our review of the record reveals that the Defendant did not raise this issue at the lower court level. In the Defendant's motion for a new sentencing hearing, he argued that he wanted to present evidence about his mental illness that trial counsel had not presented. His argument served as a basis for a new sentencing hearing and was not a request for a new trial because he was deprived of his constitutional right to effective counsel. As such, the issue is not properly before this court on appeal and we decline to address it.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

8